UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILPITAS CAB CO., et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>EMPLOYMENT DEVELOPMENT DEPARTMENT OF THE STATE OF CALIFORNIA,<br><br>        Defendant. | Case No. 15-cv-00730-NC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Milpitas Cab and City Cab sued the Employment Development Department of the State of California ("EDD"), alleging that EDD deprived plaintiffs of their due process rights by assessing $1,190,052 in taxes. EDD moves to dismiss the complaint because the Tax Injunction Act prohibits district courts from restraining state tax collection where the state provides a plain, speedy and efficient remedy for taxpayers to challenge the tax. Plaintiffs argue that the *Williams Packing* exception permits this Court to retain jurisdiction because they allege that the government could not ultimately prevail on the merits, and plaintiffs would suffer irreparable injury if the Court does not enjoin the tax collection. Because the Court finds that the *Williams Packing* exception does not apply and that California has a plain, speedy, and efficient remedy for taxpayers, the Court is without jurisdiction to hear the case and GRANTS defendant's motion to dismiss.

## I. BACKGROUND

Plaintiffs are Milpitas Cab and City Cab, two dissolved taxi cab companies. Compl. ¶ 5. The defendant EDD administers the State of California's unemployment insurance system pursuant to the California Unemployment Insurance Code ("the Code"). Compl. ¶ 7. Specifically, EDD has legal authority to assess and collect taxes from employers that do business in the State of California. Compl. ¶ 7.

On December 27, 2007, EDD issued an assessment of $690,975 against Milpitas Cab and $499,077 against City Cab due in taxes to EDD. Compl. ¶ 8. Plaintiffs timely filed petitions for reassessment, primarily asserting that plaintiffs did not pay "wages" as defined by California regulations, and that drivers were not employees. Compl. ¶ 9-10. On November 30, 2011, EDD commenced administrative hearings. Compl. ¶ 10. Plaintiffs allege that at the administrative hearing, they presented a closing brief that contained "extensive evidence and legal precedent to support its position that plaintiffs did not pay 'wages.'" *Id.* On August 23, 2013, the Administrative Law Judge ("ALJ") denied plaintiffs' petitions. Compl. ¶ 11. The decisions were fifty-eight pages long, and plaintiffs allege that most of it was "dedicated to destroying [plaintiffs'] credibility," and they were therefore prevented from presenting evidence when they had the burden of proof. Compl. ¶ 11.

The ALJ's decision provides, "The Department's estimated wage calculations and estimated calculations of the number of drivers and other workers were all reasonably made by the Department based upon the information which was reasonably available and in the Department's possession." Compl. ¶ 12. However, the ALJ lowered the assessment by an amount not indicated in the complaint. Compl. ¶ 11. Plaintiffs appealed to the California Unemployment Insurance Appeals Board, which upheld the ALJ's decision. Compl. ¶ 13.

Plaintiffs allege that EDD violated its right of due process by: (1) making a decision on the issue of "wages" that was not supported by "substantial evidence"; (2) the ALJ conducted the hearings in a manner that resulted in an "abuse of power"; (3) the ALJ did

Case No. 15-cv-00730-NC                     2

not conduct a fair hearing; and (4) the ALJ exhibited disdain and disrespect toward plaintiffs during the administrative hearings. Compl. ¶ 14. Plaintiffs further contend that "under no circumstances can the EDD prevail." Compl. ¶ 17. Lastly, plaintiffs claim they have no adequate remedy at law to address or rectify the procedural due process violations alleged, and that unless an injunction is granted plaintiffs will suffer irreparable injury. Compl. ¶ 16.

On February 17, 2015, plaintiffs sued EDD in the present action under 42 U.S.C. § 1983 alleging a violation of their due process rights. Compl. ¶ 1. Plaintiffs seek to enjoin EDD from enforcing its tax assessments. Compl. at 6. Plaintiffs also ask this Court to remand to EDD with instructions to decide the issue of "wages" on the basis of substantial evidence, and conduct new hearings to the extent that the Court determines EDD's due process violations invalidated the proceedings. Compl. at 5. Plaintiffs and defendant consent to Magistrate Judge jurisdiction. Dkt. Nos. 9, 12.

## II.   DISCUSSION

The Tax Injunction Act (TIA) prohibits district courts from restraining the "assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341 (2013). EDD argues that the TIA bars this suit from federal district court jurisdiction because California provides a plain, speedy, and efficient process for challenging taxes. Plaintiffs, however, assert that the state tax assessment is enjoinable under the exception set forth in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962). There, the Supreme Court held that in order to seek injunction of the assessment or collection of taxes, the taxpayer must demonstrate that (1) under the most liberal view of the law and facts, the government cannot ultimately prevail on the merits; and (2) taxpayers will suffer irreparable injury without relief. *Id.* at 7.

In this order, the Court will first address California's tax remedies, then will examine plaintiffs' proposed exception to the TIA provided in *Williams Packing*.

### A.  Legal Standard

"It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Dismissal for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) dismissal is appropriate when the complaint fails to establish the court's subject matter jurisdiction over the action. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The court presumes a lack of jurisdiction until the plaintiff proves otherwise. *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). The court must determine whether a lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Futility of amendment can, by itself, justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

### B.  The Tax Injunction Act

The TIA prohibits district courts from restraining the "assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341 (2013). The TIA closely parallels the Anti-Injunction Act (AIA), which bars courts from maintaining suits brought "for the purpose of restraining the assessment or collection of any tax" assessed by the federal government. 26 U.S.C. § 7421 (2011). The purpose of the AIA is to "permit[] the United States to assess and collect taxes alleged to be due without judicial intervention, and to

require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). Similarly, the TIA protects state tax collections from federal court review. *Hibbs v. Winn*, 542 U.S. 88, 104 (2004).

The TIA "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin*, 429 U.S. 68, 73 (1976). Its primary purpose is to prevent federal court intrusion into state tax collection, an area which deserves "the utmost comity to state law and procedure." *Jerron West, Inc. v. Cal. State Bd. of Equalization*, 129 F.3d 1334, 1338 (9th Cir. 1997). Specifically, the TIA was shaped with two "state-revenue-protective" objectives: (1) to eliminate disparities between taxpayers who have the means to seek injunctive relief in federal court, and those who must resort to existing state procedure– which is generally to pay first and litigate later; and (2) to prevent taxpayers from using a federal injunction to withhold large sums, and thus interfere with state finances. *Hibbs*, 542 U.S. at 104.

### 1.     California provides a plain, speedy, and efficient remedy

So long as the state provides a "plain, speedy and efficient" remedy for taxpayers, the TIA prohibits the district court from enjoining state tax administration. *Rosewell v. LaSalle Nat'l. Bank*, 450 U.S. 503, 512 (1981). The Supreme Court has interpreted the phrase "plain, speedy and efficient" to describe the procedural criteria required of the state for taxpayers to challenge their tax liability. *Id*. In other words, procedures are plain, speedy, and efficient if the taxpayer has a "full hearing and judicial determination." *Id.*

The Supreme Court and the Ninth Circuit have held that California's refund procedures constitute a plain, speedy and efficient remedy for taxpayers. *See, e.g.*, *Cal. v. Grace Brethren Church*, 457 U.S. 393, 417 (1982); *Franchise Tax Bd. v. Alcan Aluminium*, 493 U.S. 331, 338 (1990); *Jerron West*, 129 F.3d at 1339. The California Unemployment Insurance Code ("the Code") establishes the refund procedures available to taxpayers to challenge their California employment tax liability through state

Case No. 15-cv-00730-NC            5

administrative and judicial proceedings. Cal. Unemp. Ins. Code §§ 1176-1185; *Grace Brethren Church*, 457 U.S. at 413-14. Fundamentally, a party may not seek judicial review of a tax in advance of paying the tax. *West Hollywood Cmty. Health & Fitness Ctr. v. Unemployment Ins. Appeals Bd.*, 232 Cal. App. 4th 12 (2014).

The California Court of Appeal outlined the administrative process in the unemployment insurance arena in *Merch. Concept Group, Inc. v. Cal. Unemp. Ins. Appeals Bd.*, 181 Cal. App. 4th 1274, 1281 (2010). To challenge a tax, a party must first file a claim for refund or credit. Cal. Unemp. Ins. Code §§ 1178(a), 1241(a). If the director of EDD denies the claim for refund or credit, the claimant may file a petition for review with an administrative law judge. *Id.* §§ 1180, 1222. The administrative law judge will then review the matter and render a decision or order. *Id.* § 1223. The parties may file an appeal to the Board, and the Appeals Board will issue its decision. *Id.* §§ 1224, 1241. Once taxpayers have sought and been denied a refund, they may file an action in California Superior Court to challenge the validity of the tax and seek a refund for taxes paid. *Id.* § 1241; *Grace Brethren Church*, 457 U.S. at 413-14.

Even when taxpayers claim a violation under 42 U.S.C. § 1983, the TIA precludes the Court from adjudicating the matter. *Hawaiian Tel. Co. v. State Dep't. of Labor & Indus. Relations*, 691 F. 2d 905, 910 (9th Cir. 1982). In *Jerron West, Inc. v. State of Cal. State Bd. of Equalization*, plaintiffs filed suit in district court under 42 U.S.C. § 1983 to enjoin the state from commencing administrative hearings on their sales tax liability. The plaintiffs argued that their action was not barred by the TIA because they were merely seeking to enjoin the Board's unconstitutional conduct. *Id.* at 1337. The Ninth Circuit affirmed the district court's dismissal because the taxpayers sought relief which would interfere with the state collection of taxes, and California had an adequate remedy to address their claim. *Id.* at 1337-9. In *California v. Grace Brethren Church*, 457 U.S. at 415, a number of churches and religious schools brought suit in federal district court to enjoin California tax authorities from collecting tax records and unemployment tax from plaintiffs because the taxes allegedly violated their First Amendment rights. The Supreme

Court held that the TIA barred the district court's jurisdiction to issue declaratory and injunctive relief because California provides a "plain, speedy and efficient" remedy, even though the taxpayers alleged federal claims. *Id.* at 415-16.

Here, plaintiffs seek to enjoin EDD from taking action to enforce its tax assessments against them. Compl. at 6. Plaintiffs do not allege that California lacks a plain, speedy and efficient process. Plaintiffs contend that the "administrative process is complete and there are no further administrative procedures" available. Compl. ¶ 13. On the contrary, plaintiffs may pursue their challenge by paying the assessed taxes and seeking a refund through the state channels described above. Cal. Unemp. Ins. Code §§ 1176-1185, 1241.

### 2. The *Williams Packing* Exception Does Not Apply

In *Williams Packing*, the Supreme Court held that in order to seek injunction of the assessment or collection of federal taxes, the taxpayer must demonstrate that (1) under the most liberal view of the law and facts, the government cannot ultimately prevail on the merits; and (2) taxpayers will suffer irreparable injury without relief. *Williams Packing*, 370 U.S. 1 at 7. Although the Supreme Court made note of the "comparable" TIA in *Williams Packing*, the holding and facts in that case pertained to federal court interference with federal taxes under a different statute, the AIA. *See Williams Packing*, 370 U.S. 1 at 7; *see also Hibbs*, 542 U.S. at 104.

Plaintiffs ask this Court to apply the *Williams Packing* exception to the TIA, where the TIA would otherwise bar federal court jurisdiction from interfering with state collection of taxes. However, "a party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson*, 99 F.3d at 353. Plaintiffs assert that the California Supreme Court adopted the *Williams Packing* exception to the California Constitutional prohibition on court interference with state collection of taxes, citing *Western Oil & Gas Assn. v. State Bd. of Equalization*, 44 Cal. 3d 208 (1987), and *Calfarm Ins. Co. v. Deukmejian*, 48 Cal. 3d 805 (1989).

In *Western Oil*, plaintiffs brought suit in state court asserting an unlawful search and

1 seizure and to prevent the State Board of Equalization from compelling disclosure of their
2 land use because the underlying tax assessment was invalid. *Western Oil & Gas Assn.*, 48
3 Cal. 3d at 211. There, the California Supreme Court held that the appropriate standard for
4 state judicial intervention in state tax matters where federal constitutional issues arise was
5 "that invoked under the similar anti-injunction statute for federal tax matters." *Id.* at 214.
6 In *Calfarm*, plaintiffs petitioned the court for a writ of mandate declaring an elector-
7 enacted initiative unconstitutional on its face. *Calfarm Ins. Co.*, 48 Cal. 3d at 812. There,
8 the California Supreme Court refused to extend the *Williams Packing* exception to
9 plaintiffs raising a state constitutional issue in state court. *Id.* at 838-40. The cases
10 plaintiffs cite illustrate that the *Williams Packing* exception applies to certain federal
11 constitutional challenges in state court. But plaintiffs did not cite, and the Court was
12 unable to find, any authority applying *Williams Packing* to the jurisdictional bar of the TIA
13 in federal court where plaintiffs are challenging state tax.

14 Even if the *Williams Packing* exception were to apply here, plaintiffs' complaint
15 fails to specify facts demonstrating that "under the most liberal view of the law and facts,
16 the government cannot establish its claim" for tax liability. *Williams Packing*, 370 U.S. 1
17 at 7. Plaintiffs conclude that "[u]nder no circumstances can the EDD prevail" and that
18 plaintiffs "will suffer irreparable injury" if the Court does not issue an injunction. Compl.
19 ¶ 16-17. However, the complaint does not allege plausible facts illustrating why. Compl.
20 ¶ 17.

21 Moreover, amendment would be futile because this court lacks jurisdiction under
22 the TIA and plaintiffs allege facts that demonstrate that their case does not fall within the
23 ambit of *Williams Packing*. Plaintiffs' complaint states that EDD did prevail in the appeal
24 to the Board, thus contradicting plaintiffs' assertion that EDD could "[u]nder no
25 circumstances" succeed on the merits. Compl. at ¶ 13. In addition, plaintiffs allege they
26 "will suffer irreparable injury" if the Court does not issue an injunction. Compl. ¶ 16. But
27 plaintiffs have the opportunity to challenge their tax liability in state court. *See Merch.*
28 *Concept Group, Inc.*, 181 Cal. App. 4th at 1281. Plaintiffs bear the burden to invoke

Case No. 15-cv-00730-NC         8

federal subject matter jurisdiction, and they have failed to adequately provide supporting law or allege sufficient facts to demonstrate that jurisdiction is proper. *See Thompson*, 99 F.3d at 353.

### III. CONCLUSION

The Ninth Circuit has recognized that the "only exception" to the TIA's jurisdictional bar is if a state lacks plain, speedy and efficient procedures for a taxpayer to challenge their tax liability. *Jerron West*, 129 F.3d at 1337. The Court declines to apply California's recognition of the *Williams Packing* exception to matters that interfere with assessment and collection of state taxes in federal court. Moreover, plaintiffs have not demonstrated that their claims fall within the narrow scope of the *Williams Packing* exception, even if it were to apply. The Court's decision is consistent with the policy and purpose of the TIA: federal courts should not interfere with state tax collection if the state provides a plain, speedy and efficient remedy. Because the Court finds it lacks subject matter jurisdiction, the Court does not reach the 12(b)(6) and Eleventh Amendment issues asserted in EDD's motion. Thus, the Court DISMISSES the complaint without leave to amend.

**IT IS SO ORDERED.**

Dated: June 12, 2015   _____
NATHANAEL M. COUSINS
United States Magistrate Judge